that plaintiffs have an injunction restraining the defendant from unnecessarily emitting and depositing noxious gases, fumes, smoke, and vapor over and upon the lands of plaintiffs, and that plaintiffs have their costs of this action.

Proper findings and a decree in accordance herewith may be submitted.

---

### LALLY v. NEW YORK CENT. & H. R.. R. CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. APPEAL AND ERROR (§ 357*)—TIME TO APPEAL—NOTICE.

A plaintiff, failing to avail herself of the offer of the court to incorporate the findings of fact in the judgment roll, and acquiescing in the determination of the court that the judgment was properly directed, and moving to compel defendant to accept notice of appeal after the expiration of the statutory time, admits the existence of a valid judgment; and the fact that the judgment roll contains papers not proper is of no force on the motion to compel acceptance of the service.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 357.*]

2. APPEAL AND ERROR (§ 875*)—OBJECTIONS—WAIVER.

The right of a defeated party to object to the form of the decision of the court and the service thereof is involved in the motion to set aside the judgment, and is waived by neglect to appeal from the order refusing to set aside the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 875.*]

Appeal from Special Term, Westchester County.

Action by Lavinia Lally against the New York Central & Hudson River Railroad Company. From an order denying a motion to compel defendant to accept a notice of appeal, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Lavinia Lally, in pro. per.

George H. Walker, for respondent.

WOODWARD, J. If there is any proper ground for reversing this order, I am unable to discover it. There is no pretense that the plaintiff served her notice of appeal within the time prescribed by the statute. After the time had expired, plaintiff made a motion for the resettlement of the decision on which the judgment was based by including therein the findings made at the request of the plaintiff. There appears to have been no suggestion at that time that there was any defect in the judgment itself, or in any of the proceedings subsequent to its entry, and the court advised the plaintiff that an order would be made directing that the plaintiff's requests to find as they had been passed upon by the court should be incorporated into and made a part of the judgment roll; but it appears that no such order has ever been presented by the plaintiff.

After this the plaintiff moved to set aside the judgment on the ground that the decision did not in proper form direct a judgment in the defendant's favor. That motion was denied, and the plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not appear to have appealed from the order denying that motion. It thus appears that the plaintiff has not availed herself of the offer of the court to incorporate the findings of fact in the judgment roll, and that she has acquiesced in the determination of the court that the judgment was properly directed by the decision of the court. This would seem to conclusively establish the validity of the judgment, so far as these objections are concerned, and the motion to compel the defendant to accept a notice of appeal from the judgment necessarily assumes that there is a valid judgment to be appealed from, and the suggestion now made that the judgment roll contains papers not necessary or proper is of no force, for the reason that these papers might be removed therefrom by an order, assuming them to be improperly included. They do not go to the validity of the judgment, where all of the necessary papers are present. They merely constitute a surplusage, which may be removed in an orderly manner, not in any legal sense prejudicial to the plaintiff.

But it is urged that the copy of the decision or findings as served did not contain the signature of the justice. The record shows that the decision as filed and incorporated in the roll is signed by the justice, and by a stipulation appearing upon the record it is shown that the copy of the decision, the receipt of which was acknowledged by the plaintiff, contained a copy of the signature in type of the justice making the decision, and the plaintiff, making no objection, retained the copy thus served upon her and filed her exceptions thereto. This objection is hardly broad enough to justify this court in extending the time for appeal, against the positive provisions of the statute. It is not necessary to hold that the plaintiff waived any rights to the technical objections to the form of the decision and service thereof and of the judgment, by admitting receipt of a copy of the defendant's copy of the decision. These rights, in so far as they relate to the form of the decision and the validity of the judgment, were involved in the motion to set aside the judgment, and were waived when she neglected to appeal from the order denying her motion.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.